UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MAIN,

    Plaintiff,                         Case No. 1:10-CV-594

v.                                               HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

Plaintiff objects to the Magistrate Judge's Report and Recommendation ("R & R") issued on August 12, 2011, recommending that the Commissioner's decision denying Plaintiff's application for Social Security disability insurance benefits be affirmed. The Magistrate Judge concluded that substantial evidence supported the ALJ's determination that Plaintiff was not disabled as defined in the Social Security Act.

"The district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F. 2d 1208, 1215 (6th Cir. 1981). The Court has conducted a de novo review of the Magistrate Judge's R & R, along with a review of the evidence before the Magistrate Judge, and concludes that the R & R should be adopted by the Court.

    **A.**     **Plaintiff's Objections are Not Specific.**

Plaintiff, along with the undersigned judge and millions of other Americans, claims to suffer from tinnitus — a constant ringing or rushing sound — often of unknown origin. Plaintiff also

asserts the following. "<u>As might be expected</u> in a case in which a plaintiff was suffering from tinnitus, this Plaintiff also had a mental impairment." Pl.'s Br. p. 3. There is nothing in the record to indicate that a mental impairment is somehow linked to tinnitus — at least I hope not.

  **B.**  **The ALJ Credited the Testimony of the Treating Specialists.**

In any event, Plaintiff's main point is that the ALJ and Magistrate Judge concluded that Plaintiff's complaints lacked credibility, and that the ALJ and Magistrate Judge did not give sufficient reasons "to ignore the very clear testimony of the treating physician." Pl.'s Br. pp. 1-4. Plaintiff is simply wrong:

  1) Contradicting his own claim, Plaintiff admits that "his diagnosis of tinnitus was undisputed." (Dkt. #13 at 1.)

  2) As the Magistrate Judge pointed out, the ALJ specifically determined that Plaintiff suffered from tinnitus. (Tr. at 37-38; dkt. #12 at 12.)

  3) The ALJ accounted for Plaintiff's diagnosis of tinnitus in his Residual Functional Capacity determination. (Tr. at 38.)

Since the ALJ did, in fact, give Plaintiff's treating physicians' opinions controlling weight, contrary to what Plaintiff contends, *Wilson v. Commissioner of Social Security* is inapplicable. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) (requiring the ALJ to give good reasons for not giving controlling weight to the treating physician's opinion is inapplicable). The Court dismisses Plaintiff's objection to the Magistrate Judge's R & R.

  **C.**  **The ALJ Made No Mistake Discounting Plaintiff's Subjective Allegations.**

Likewise, substantial evidence supports the ALJ's determination that Plaintiff's subjective allegations prevented Plaintiff from working:

  1) As the ALJ observed, the Magistrate Judge noted, and even as Plaintiff himself admits, *none* of Plaintiff's care providers have imposed work-preclusive limitations on Plaintiff. (R & R at 14; dkt. #13 at 2.)

  2) In discounting Plaintiff's subjective allegations, the ALJ considered:

    a) Beth Baxter's observation that Plaintiff acted "like he's exaggerating his misery;"

      b)     Plaintiff continued to work for several years after his impairment arose;

      c)     Plaintiff lost his previous job because he was fired for seeking other employment, not because of his impairment; and

      d)     Plaintiff subsequently sought employment after his impairment. (Tr. at 40, 284, 286; R & R at 14-15.)

Where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record. *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x. 794, 801 (6th Cir. 2004). The ALJ's credibility assessment must be accorded great weight and deference. *Id.* Since substantial evidence supports the ALJ's decision to give Plaintiff's subjective allegations limited weight, the Magistrate Judge did not err on this issue.

    **D.**     **The Magistrate Correctly Declined to Remand Based on Plaintiff's "New" Evidence.**

Plaintiff claims that new evidence, arising after Plaintiff's hearing with the ALJ, but received and considered by the Appeals Council, established that Plaintiff suffered from a very serious mental impairment. The Magistrate Judge correctly stated that the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). However, if Plaintiff can demonstrate that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings. *Id*. To be material, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir. 1988).

    The Magistrate Judge dismissed Plaintiff's assertions by finding the new evidence immaterial and also finding that Plaintiff did not properly request remand. (R & R at 17.) The R

3

& R properly disposed of this issue by finding the evidence immaterial. The Commissioner, with a reasonable probability, would not have reached a different result with this "new" evidence. The R & R is correct:

1) The evidence is "new" in the sense that the events occurred after the ALJ's decision. Substantively, however, the evidence is not new - the record is replete with evidence that Plaintiff suffered from a "very serious mental impairment." Baxter, McCarthy, and Fowler all noted serious mental problems, each of which the ALJ considered and each of which the Magistrate Judge noted in her R & R. (R & R at 5-8.)

2) As the Magistrate Judge recognized, the new evidence essentially amounts to a nullity. When plaintiff checked in to Forest View Hospital he reported that he felt depressed, hopeless, helpless, had "suicidal thoughts" and felt like he could no longer manage. (Tr. at 350; R & R at 16.)

3) Two weeks later, literally the opposite, plaintiff reported that he did not feel depressed, hopeless, helpless, worthless, and useless. (Tr. at 342-43; R & R at 16.)

Hence, the R & R properly stated that the Plaintiff was unable to show that the Commissioner, with a reasonable probability, would have reached a different result with this "new" evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's R & R are **REJECTED**. The Report and Recommendation of the Magistrate Judge, filed August 12, 2011, (Dkt. #12) is **ADOPTED** as the Opinion of the Court. The Commissioner's decision is **AFFIRMED**.

This case is **concluded**.


Dated: September 29, 2011                             /s/ Gordon J. Quist
                                                                                               GORDON J. QUIST
                                                                             UNITED STATES DISTRICT JUDGE